IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

JAMES WOOD and
SHERRY WOOD,

    Plaintiffs,

v.

SOURCE RECEIVABLES
MANAGEMENT, LLC, a limited liability
company, and MARK LITTRELL, an individual,
and KIMBERLY LITTRELL, an individual,

    Defendants.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendants transact business in this district.

## PARTIES

4.	Plaintiffs, JAMES WOOD and SHERRY WOOD ("Plaintiffs"), are natural people who at all relevant times resided in the State of Florida, County of Pasco, and City of Hudson.

5.	Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6.	Defendant, SOURCE RECEIVABLES MANAGEMENT, LLC, ("Defendant") or ("SRM") is a limited liability company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7.	At all relevant times herein, Defendants, MARK LITTRELL and KIMBERLY LITTRELL ("Defendants Littrell") were the owners of Defendant SRM.  As officers, shareholders and/or directors of Defendant SRM, Defendants Littrell were responsible for the overall success of the company.  Defendants Littrell were "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6): they materially participated in collecting a debt by occupying a position of critical importance to Defendant SRM's business; as the owners of Defendant SRM, they exercised control over the affairs of a debt collection business; and they were regularly engaged, albeit more often indirectly than directly, in the collection of debts through their involvement in Defendant SRM's affairs and Defendants Littrell continued to play a key role in maintaining and expanding Defendant SRM's debt collection activities throughout the time in question.

## FACTUAL ALLEGATIONS

8.	Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

9.	Plaintiffs are natural people obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

10. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant SRM contacted Plaintiff SHERRY WOOD via cellular telephone call on November 8, 2010, to collect a debt allegedly owed by Plaintiff JAMES WOOD, and at such time, left a voicemail message in which Defendant SRM failed to identify both the individual caller's identity and the true corporate or business identity of Defendant SRM and further failed to notify Plaintiff SHERRY WOOD that the communication was from a debt collector.

12. Defendant SRM placed non-emergency calls to Plaintiff SHERRY WOOD's cellular telephone on such dates including, but not limited to, November 8, 2010, without the prior express consent of Plaintiff SHERRY WOOD , using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

13. Defendants Littrell as owners of Defendant SRM are directly responsible for Defendant SRM's violations.

14. Defendants Littrell exercised control over the affairs of Defendant SRM and/or were regularly engaged, directly and indirectly, in the collection of debts.

15. Defendants actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiffs suffered and continue to suffer injury to

Plaintiffs' feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

14. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 13.

15. Defendants violated 15 U.S.C. § 1692d(6) by failing to disclose the caller's identity in a telephone call to Plaintiffs.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

16. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 13.

17. Defendants violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

18. Plaintiffs repeat and re-allege each and every allegation contained above.

19. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or artificial pre-recorded voice.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiffs statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

20.     Plaintiffs are entitled to and hereby demand a trial by jury.


Respectfully submitted this 18th day of January, 2011.

>                       Respectfully submitted,
>                       **JAMES WOOD and**
>                       **SHERRY WOOD**
>
>
>                       By: s/ Alex D. Weisberg
>                       ALEX D. WEISBERG
>                       FBN: 0566551
>                       WEISBERG & MEYERS, LLC
>                       ATTORNEYS FOR PLAINTIFFS
>                       5722 S. Flamingo Rd, Ste. 656
>                       Cooper City, FL 33330
>                       (954) 212-2184
>                       (866) 577-0963 fax
>                       aweisberg@attorneysforconsumers.com