UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES WOOD and
SHERRY WOOD,

       Plaintiff,

                              Case No.  8:11-CV-00138-JSM-AEP

v.

SOURCE RECEIVABLES MANAGEMENT,
LLC a limited liability company, and
MARK LITTRELL, an individual, and
KIMBERLY LITTRELL, an individual,

       Defendant(s).
_____/

**DEFENDANT, SOURCE RECEIVABLES MANAGEMENT, LLC'S
ANSWER AND AFFIRMATIVE DEFENSES**

COME NOW, the Defendant, SOURCE RECEIVABLES MANAGEMENT, LLC, by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and herein states as follows:

**NATURE OF ACTION**

1.      Admitted for the purposes of claims identification, jurisdiction and venue only; otherwise denied;

**JURISDICTION AND VENUE**

2.      Admitted for the purposes of jurisdiction and venue only; otherwise denied;

3.      Admitted for the purposes of jurisdiction and venue only; otherwise denied;

**PARTIES**

4.      Admitted for the purposes of jurisdiction and venue only; otherwise denied;

1

5. Admitted for the purposes of jurisdiction and venue only; otherwise denied;

6. Admitted to the extent Defendant's regular course of business is the collection of debts; Admitted to the extent that Defendant has used mail service and telephones in its attempts to collect debts; Admitted Defendant is a "debt collector" as provided in 15 U.S.C. §1692a(6); otherwise denied.

7. Denied

## FACTUAL ALLEGATIONS

8. Admitted to the extent that Defendant, SOURCE RECEIVABLES MANAGEMENT, LLC is a debt collector, otherwise denied;

9. Unknown at this time; therefore denied;

10. Unknown at this time; therefore denied;

11. Admitted[1]

12. Unknown at this time; therefore denied;

13. Unknown at this time; therefore denied;

14. Denied; Defendant demands strict proof thereof;

15. Unknown at this time; therefore denied;

16. Denied; Defendant demands strict proof thereof;

## COUNT I

17. Defendant, re-asserts and incorporates the specific responses to Paragraphs 1 through 16 above as if fully stated herein;

18. Denied; Defendant demand strict proof thereof;

---

[1] The Plaintiff's Complaint erroneously has mis-numbered the paragraphs by have two paragraph 10s. From this point forward, the Answer continues with the accurately numbered paragraphs.

2

## COUNT II

19.   Defendant, re-asserts and incorporates the specific responses to Paragraphs 1 through 18 above as if fully stated herein;

20.   Denied; Defendant demands strict proof thereof;

## COUNT III

21.   Defendant, re-asserts and incorporates the specific responses to Paragraphs 1 through 20 above as if fully stated herein;

22.   Denied; Defendant demands strict proof thereof;

## AFFIRMATIVE DEFENSES

First Affirmative Defense

Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to 15 U.S.C. §1692k (Section 813(c)) since such actions or inactions, if they occurred, were not intentional and resulted from a bona fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such errors.

Second Affirmative Defense

Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the one (1) year statute of limitations under the Fair Debt Collection Practices Act.

Third Affirmative Defense

Defendant affirmatively alleges that it is not liable under the TCPA based on the "prior expressed consent" defense.

Fourth Affirmative Defense

Defendant affirmatively allege that Plaintiff's claim for actual damages are not actionable since the damages are speculative and are not the proximate cause of any action or inaction of the Defendant.

Fifth Affirmative Defense

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents or principals.

Sixth Affirmative Defense

Defendant affirmatively alleges that its conduct was not willful or intentionally knowing and thus Plaintiff is not entitled to treble damages.

Seventh Affirmative Defense

Defendant affirmatively alleges that the communications between the Plaintiff and the Defendant are not applicable to the provision of the TCPA as the communications were not from an automatic dialing system and not pre-recorded or artificial messages as those terms are defined by the statute.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been electronically filed on **February 16, 2011**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which Notice will be electronically mailed to

>Alex Weisberg, Esquire
>Weisberg & Meyers, LLC
>5722 South Flamingo Road, Suite 656
>Cooper City, Florida 33330
>Attorney for Plaintiff
>aweisberg@attorneysforconsumers.com

>**s/ Ernest H. Kohlmyer, III**
>Ernest H. Kohlmyer, III
>Florida Bar No. 0110108
>SOUTH MILHAUSEN, P.A.
>Gateway Center
>1000 Legion Place, Suite 1200
>Orlando, Florida 32801
>(407) 539-1638
>(407) 539-2679 (fax)
>skohlmyer@southmilhausen.com
>Attorneys for Defendant, SOURCE RECEIVABLES MANAGEMENT, LLC